IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH RAY COOSEWOON and RONALD RAY COOPER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-18-199-D ) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# ORDER

Plaintiffs Kenneth Ray Coosewoon and Ronald Ray Cooper, appearing *pro se*, have filed a 94-page document (exclusive of the certificate of service, attachment, and exhibits) entitled, "Plaintiff's Summons and Complaint" [Doc. No. 1], and an almost identical document with the same title [Doc. No. 3]. The second document is construed as an amended pleading and referred to as the Amended Complaint. Plaintiffs' pleading contains a host of allegations and recitations regarding Native American rights and laws, and seeks some sort of relief against the United States of America and other defendants. The document identifies as defendants numerous federal officials, such as Secretary of Interior Ryan Zinke and Attorney General Jeff Sessions, as well as "Members of the Comanche Nation Children's Court" and other tribal officials, such as Chairman William Nelson. *See* Am. Compl. [Doc. No. 3] at 45. Despite a liberal construction, the Amended Complaint fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Padrus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a pleading drafted by a *pro se* litigant is given more leeway than one prepared by an attorney, it still must be coherent enough to allow an intelligent response. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (affirming dismissal of "incomprehensible" complaint). Although allowance may be made for some deficiencies, such as failure to cite appropriate legal authority or confusion of legal theories, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (court will not "construct a legal theory on a plaintiff's behalf").

Applying these principles, dismissal is proper under Rule 8 where a *pro se* complaint is unreasonably long, rambling, and otherwise filled with irrelevant material. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint

unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter") (internal quotation omitted); *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) ("prolix" 63-page complaint was a "rambling narration" of the dispute between the parties, and violated Rule 8(a)); s*ee also Carbajal v. City of Denver,* 502 F. App'x 715, 716 (10th Cir. 2012) (unpublished) (affirming dismissal of amended complaint as "vague, confusing, and verbose"); *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006) (unpublished) (affirming dismissal of 38-page complaint with 120 pages of exhibits as "overly long, prolix, vague, confusing and sometimes unintelligible"); *Mitchell v. City of Colo. Springs*, 194 F. App'x 497, 498 (10th Cir. 2006) (unpublished) (affirming dismissal of 47-page complaint for being "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts with no apparent organizational scheme, and completely lacking in clarity and intelligibility").[1]

Here, the Amended Complaint is so rambling, prolix, and unintelligible "that its true substance, if any, is well disguised." *In re Williams Sec. Litig.*, 339 F. Supp. 2d 1242, 1267 (N.D. Okla. 2003) (internal quotation omitted); *Franke v. Midwestern Okla. Dev. Auth.*, 428 F. Supp. 719, 721 (W.D. Okla. 1976) (same). As noted, the Amended Complaint consists of 94 typewritten pages that cover a host of topics and disjointed matters, many of which have no apparent bearing on the purported defendants, and the connection of most defendants to the case is unclear. Further, Plaintiffs assert claims against defendants who

---

[1] Unpublished opinions cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

enjoy sovereign immunity from suit without alleging a clear basis of jurisdiction over them. Therefore, the Court will dismiss the Amended Complaint without prejudice, and grant Plaintiffs leave to file a second amended complaint that complies with Rule 8(a).

The Court questions, however, whether this action is properly brought by Kenneth Ray Coosewoon. The original Complaint, civil cover sheet, and the Amended Complaint are all signed only by Ronald R. Cooper, whose contact information is provided. *See* Compl. at 94; Civil Cover Sheet [Doc. No. 1-2]; Am. Compl. at 94. Mr. Cooper states he is Mr. Coosewoon's grandson and sole heir, and holds Mr. Coosewoon's "durable power of attorney." *See* Am. Compl. at 44. However, Mr. Cooper is not a lawyer, and cannot represent another person in court. Mr. Coosewoon's signature appears only on a separate verification sheet signed before a notary public on October 13, 2017, that does not identify the document to which it was attached. No contact information for Mr. Coosewoon is provided.

The case records of this Court indicate that Mr. Cooper has previously sought, unsuccessfully, to bring an action on Mr. Coosewoon's behalf. *See Coosewoon v. Laine*, Case No. CIV-16-1059-R, Order (W.D. Okla. Jan. 30, 2017). In that case, Mr. Cooper alleged that he was acting on behalf of Mr. Coosewoon under a durable power of attorney, but alleged that Mr. Coosewoon was under a guardianship; the guardian was a defendant in that case.[2] Judge Russell ruled that Mr. Coosewoon, as a ward, lacked the capacity to

---

[2] It appears the same defendant (Mary Victoria Biazzo-Laine, identified as Plaintiffs' niece and cousin) is also a defendant in this case. *See* Am. Compl. at 45.

convey a power of attorney and, in any event, could not be represented in court by a non-lawyer.  *Id*.  Unless the guardianship of Mr. Coosewoon has been terminated, the same ruling would apply in this case.

Plaintiffs are reminded that their *pro se* status does not excuse compliance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.  A *pro se* party must "'follow the same rules of procedure that govern other litigants.'"  *Garrett*, 425 F.3d at 840 (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

IT IS THEREFORE ORDERED that the Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.  Within 21 days from the date of this Order, Plaintiffs may file a second amended complaint that complies with Rule 8(a) and the Court's rulings in this Order.  If no pleading is filed within 21 days, this action will dismissed without prejudice to a future filing, without further notice to Plaintiffs.

IT IS SO ORDERED this 8th day of March, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE